[Civil No. 3508.   Filed February 18, 1935.]

[41 Pac. (2d) 310.]

THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., OF LONDON, ENGLAND, a Corporation, Appellant, v. JOHN A. MURRAY, Appellee.

Mr. John W. Ross, for Appellant.

Mr. John L. Van Buskirk, for Appellee.

LOCKWOOD, C. J.—This is an appeal from a judgment of the superior court dismissing an action, after a demurrer to the complaint therein had been sustained, and plaintiff had refused to amend.

The facts necessary for a determination of the case may be stated as follows: John A. Murray, hereinafter called defendant, was a real estate broker in Pima county, and on December 6, 1928, requested the Employers' Liability Assurance Corporation, Limited, of London, England, hereinafter called plaintiff, to become his surety on a broker's bond as required by section 2519, Revised Code of Arizona 1928. This request was in the form of a written application made within the state of Arizona, which contained, among other things, the following provision:

"And the undersigned does further agree to comply with all the conditions established by the corporation for its protection, and to indemnify and keep amply indemnified the Corporation from and against any and all loss, costs, charges, suits, damages, counsel fees and expenses of whatever kind or nature, which the corporation shall or may, for any cause, at any time sustain or incur or be put to, by reason or in consequence of the corporation having executed said Bond or Bonds herein applied for or a continuation thereof."

Defendant acceded to plaintiff's request and executed, as surety, a bond conditioned as required by section 2519, *supra,* effective from January 1, 1929, to December 31, 1929, on the basis of the written application above mentioned. During the year 1929, and while the bond was in force, defendant and plaintiff herein were jointly sued on the statutory bond above referred to by a third party. The plaintiff herein, in defending such action, was put to an expense for attorney's fees and court costs in the sum

of $216.60, which was not, however, paid by it until some time during the year 1931. A demand was made upon defendant herein for repayment of such sum, in accordance with the terms of the application above set forth, which demand was refused, and this suit was filed on September 12, 1933, setting up the foregoing facts and asking for judgment for the amount so paid. Defendant demurred to the complaint on the ground that the action was barred by the provisions of subdivision 3, section 2058, Revised Code of Arizona, 1928, which reads as follows:

"§ 2058. One year limitation. There shall be commenced and prosecuted within one year after the cause of action shall have accrued, and not afterward, the following actions: . . . 3. Upon a liability created by statute, other than a penalty of forfeiture."

This demurrer was by the trial court sustained and the action was dismissed, whereupon this appeal was taken.

The sole question before us is one of law, and is whether under the foregoing facts the one-year statute of limitations above quoted applies, or the six-year statute, which reads as follows:

"§ 2062. On written contracts. . . . Actions for debt where the indebtedness is evidenced by or founded upon a contract in writing, executed within this state, shall be commenced and prosecuted within six years after the cause of action has accrued and not afterward. . . . "

The answer will be determined by whether the present suit was founded upon the bond given by plaintiff and defendant to the state, or upon the condition agreed to by defendant in his written application to plaintiff to become his surety upon such bond.

The trial court evidently took the view that the liability of defendant to repay the amount alleged by plaintiff to have been expended in its complaint

was created by the bond. We are of the opinion this was error. The condition and obligation of the bond, and therefore the basis of the only liability which could accrue thereunder, was fixed by the statute, which reads, so far as material, as follows:

"§ 2519. License; application; bond. . . . A person desiring to engage in such business shall make application for license in writing to the real estate commissioner, accompanied by the certificate of two reputable citizens of the county in which the applicant resides, that he is of good reputation, and recommending that a license be granted the applicant. . . . The applicant, upon notice that the application is granted, shall within two days thereafter, file with the commissioner a bond, payable to the state, in the sum of twenty-five hundred dollars, *conditioned that he will practice the business of real estate brokerage in a reliable manner and will pay the damages caused by his negligence or misrepresentations to any person who may maintain an action thereon in his name.*" (Italics ours.)

It will be seen thereby that the bond runs to the state, and that its condition is that the principal thereon will practice the business of real estate brokerage in a reliable manner and pay any damages caused by his negligence or misrepresentations.

Clearly, plaintiff in this case can base no right of recovery of any sum expended by it in defending a suit on the bond upon the conditions expressed therein.

Such being the case, the statute and the bond executed under the terms of the statute do not create any liability to plaintiff on the part of defendant, and the one-year statute of limitations cannot apply to this action. The indebtedness which plaintiff claims is due him from the defendant is founded upon the written promise found in the application, which created a contract that was indeed the inducement which caused plaintiff to execute the bond, but which con-

tract was a legal entity separate and distinct from the bond, and governed by the six-year statute of limitations.

For the foregoing reasons, the judgment of dismissal is reversed and the case remanded, with instructions to overrule the demurrer to the complaint, and for such further proceedings as may be advisable.

McALISTER and ROSS, JJ., concur.